SMITH BROTHERS, APPELLEE, v. CAROLYN D. WOODWARD, APPELLANT.

FILED SEPTEMBER 26, 1913. No. 17,312.

1. **Appeal:** ADMISSION OF EVIDENCE: HARMLESS ERROR. The admission of incompetent evidence in an equity case is error without prejudice if the competent evidence sustains the findings and judgment.

2. **Evidence:** RECORDS: CERTIFICATE. A certificate of the filing of an instrument for record under provisions of sections 9603, 9608,

Ann. St. 1911, signed in proper form by one purporting to be the register of deeds, or his deputy, is sufficient proof, *prima facie*, that the document was so filed.

APPEAL from the district court for Polk county: GEORGE F. CORCORAN, JUDGE. *Affirmed.*

*Matt Miller,* for appellant.

*Mills & Beebe, contra.*

LETTON, J.

This is an action to foreclose a lien on certain property of the defendant and appellant for the price of certain building material furnished by the plaintiffs and used in making additions, alterations and repairs to the dwelling thereon in which defendant lived. There is no dispute in the evidence as to the quantity or price of the materials furnished. The defense is that the material was not purchased by the defendant or furnished to her. It appears that Doctor Woodward, defendant's husband, first arranged with the plaintiffs to supply the lumber; but the testimony on behalf of plaintiff is to the effect that Mrs. Woodward afterwards called their office by telephone and ordered part of the material. It was all delivered at the dwelling where she lived. Defendant denied that such a conversation ever took place; but the trial court, with the witnesses before it, evidently found for the plaintiffs on this point. We are unable to say that the testimony, especially when considered with the circumstances that the defendant was present at the time the work was being done, and to some extent at least suggested the manner of performance of a portion of it, does not support the finding. Dr. Woodward also testified to the fact of defendant's ratification and assent to the agreement made by him for the material. Though this testimony is somewhat weakened by the fact that a subsequent estrangement occurred between him and Mrs. Woodward, it tends to support the general finding for the plaintiffs.

Complaint is made that errors were made in receiving certain incompetent evidence. The case being tried without a jury, this could not be prejudicial if sufficient competent testimony appears in the record to support the finding.

It is also urged that there is a failure of proof that the claim of lien was ever filed as the statute requires. The certificate seems to be in exact accordance with the provisions of sections 9603, 9608, Ann. St. 1911, and is sufficient *prima facie*. It was unnecessary to prove aliunde that the person purporting to have signed it as county clerk was at that time the incumbent of the office, and so likewise as to the holder of the office of deputy county clerk. The signed certificate was *prima facie* sufficient.

We think the conclusion reached by the district court is supported by the evidence, and it is therefore

Affirmed.

Rose, Sedgwick and Hamer, JJ., not sitting.